SNEED, Circuit Judge, concurring in part and dissenting in part:
I agree with the majority that taxpayer’s debt for taxes became “legally due and owing” on the March 15 return date, not the date the return was filed. I also agree that interest due and owing because of a failure to pay taxes when due and owing should be treated as taxes for purposes of section 17(a) of the Bankruptcy Act, 11 U.S.C. § 35(a). I disagree, however, with the conclusion that all interest on unpaid taxes becomes due and owing on the same day as did the taxes. Section 6601(e) of the Internal Revenue Code does not require that conclusion.
Had taxpayer filed a proper 1965 return, it would have shown taxable income of $158,052.15 on which it would have owed a tax. The United States would not have been obligated to return that tax prior to December 31, 1967. Thus, the United States was entitled to the tax from March 15, 1966 to December 31, 1967. It is to compensate the United States for the loss of the use of this money, which taxpayer should have paid, that justifies the interest the taxpayer did in fact pay on December 1, 1971.
The majority holds that this interest, in its entirety, was due and owing on March 15, 1966. This is not so. Interest is measured by the time money is used. The obligation to pay interest increases in amount the longer the period during which the money is used. That is, interest accrues during the period the debtor uses the money. It follows that taxpayer’s obligation to pay interest accrued each day during the March 15,1966 to December 31,1967 period.
This leads me to conclude that interest accruing between August 28, 1966, the date exactly three years preceding the filing of the involuntary petition in bankruptcy, and December 31, 1967, became legally due and owing “within three years preceding bankruptcy.” Therefore, I would reverse and remand for entry of a judgment denying taxpayer’s suit for refund in part.